**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC.,
a Florida corporation

                Plaintiff,

vs.

ESTEFAN ENTERPRISES, INC.
a Florida corporation,

                Defendant.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR LEAVE TO JOIN NECESSARY PARTY AND TO FILE**
**AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

COMES NOW, Plaintiff MARRERO ENTERPRISES OF PALM BEACH, INC., ("Plaintiff" and "MARRERO"), and hereby files this Memorandum in Opposition to Defendant ESTEFAN ENTERPRISES, INC.'s (alternatively "Defendant" and "ESTEFAN") Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim and further states:

**I.   INTRODUCTION**

The Defendant's Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim (hereinafter referred to as the "Pending Motion") is deficient on its face, as it was not filed timely, and has not (1) established good cause as to why amended affirmative defenses and counterclaim (as well as adding a new party) should be considered at this late date and (2) established that it has exercised due

diligence in attempting to amend the pleadings (and join additional parties) from the date it was placed on notice of the instrument that provides the basis for the amended pleadings and joinder.

The Pending Motion is also facially deficient as, when measured against the issues that have been framed in this matter, and confirmed by the Defendant, Estefan has not established that Roberto Noble, Sr. is a necessary party.

The Plaintiff offers the following memorandum of law in opposition to the Pending Motion.

## II.  FACTUAL ARGUEMENTS

### A. The Pending Motion is Untimely

This Declaratory Action (hereinafter referred to as the "Dec Action") action was initiated on November 6, 2006. (DE-1).   The parties submitted a Proposed Pretrial Order and Joint Scheduling Report, following the Rule 26(f) scheduling conference, on January 5, 2007. (DE-13).   The Court issued a Scheduling Order on January 23, 2007.   Pursuant to the Scheduling Order, the parties were directed to submit all amended pleadings by the date of April 30, 2007 (DE-18: ¶8), and to have all joinders of parties completed by April 30, 2007 (DE-18: ¶8).

The Defendant filed the Pending Motion on September 10, 2007, nearly five (5) months past the deadline for amending the pleadings, and joining additional parties.

### B. The Defendant Was Placed on Notice of the Transaction Forming the Basis Of the Pending Motion as Early as January 2007

The event or transaction which forms the basis of the Pending Motion is a licensing agreement and assignment between an individual by the name of Roberto Noble

(hereinafter referred to as "Noble") and MARRERO.1 (DE-47: pg. 2-3).

Noble and ESTEFAN are involved in a trademark dispute before the Trademark Trials and Appeals Board (hereinafter referred to as "TTAB"), which was commenced prior to this Dec. Action.   (Declaration of Michael I. Santucci: ¶5). (The Declaration of Michael I. Santucci is attached hereto as Exhibit "A"). The consolidated TTAB proceeding has been suspended since March 21, 2007.  MARRERO, is not, and never has been, a party to any of the TTAB actions. On January 18, 2007, Michael I. Santucci, (hereinafter referred to as "Mr. Santucci"), in connection with the TTAB matter references above, sent an email to Karen L. Stetson (hereinafter referred to as "Ms. Stetson"), the attorney for ESTEFAN in both matters.   (Declaration of Michael I. Santucci: ¶6).  (The E-Mail and two of the confidential Attachments (which were filed by Defendant as Exhibit A to its Motion for Leave, are incorporated by reference as Exhibit "B").   The attachments to that e-mail included the same licensing agreement and assignment that the Defendant now asserts as grounds to move for an amendment of the pleadings, and the joinder of a new party almost five (5) months after the deadline to do so. (Declaration of Michael I. Santucci: ¶6).

Mr. Santucci specifically notified Ms. Stetson in his e-mail that, "I also believe that I eventually will have to produce them in one way or another in the MARRERO action." (Declaration of Michael I. Santucci: ¶6).

Moreover, Ms. Stetson took the deposition of Noble, in connection with the TTAB matter, on or about March 1, 2007, with the license agreement in issue already in hand.   (A copy of the Re-notice of Deposition is attached hereto as Exhibit "C").    At

---

1 The Defendant has also asserted the license agreement as a primary basis to file a Motion to Compel the

this deposition, the Defendant had a full and fair opportunity to question the witness on the issue of the licensing agreement with MARRERO, and, in fact, conducted an extensive inquiry on that subject.  (Declaration of Michael I. Santucci: ¶7).

Most importantly, Mr. Noble provided the Defendant with virtually the same information regarding the licensing agreement, as that provided by Christopher Marrero at his deposition in August 2007.  (Declaration of Michael I. Santucci: ¶8).

Despite having the licensing agreement and assignment in hand, and armed with the deposition testimony of Noble in the TTAB matter, the Defendant still chose not to amend the pleadings in this case, or add Noble as a party, prior to the deadline on April 30, 2007.

### C. The Defendant Cannot Demonstrate Good Faith Grounds as to Why the Court Should Now Consider the Untimely Pending Motion

On December 8, 2006, the Defendant filed a Motion to Dismiss the Declaratory Action for Lack of Jurisdiction.  (DE-5). Defendant ESTEFAN did argue the failure to join an indispensable or necessary party as it is required under Rules 12(b)(7) and 19, of the Federal Rules of Civil Procedure in its motion to dismiss or so plead in its Answer. As set forth above, the Plaintiff provided the Defendant with the licensing agreement and assignment now at issue on January 18, 2007.  On January 23, 2007, the Court entered the Scheduling Order which established the date of April 30, 2007 as the deadline for amending the pleadings and joining parties.  (DE-18).

On January 29, 2007, the Defendant filed a Motion to Stay Proceedings Pending Resolution of the Motion to Dismiss.  (DE-21).   Despite having the licensing agreement in hand, and advised of the deadline for amending pleadings and joining parties, the

---

Deposition of Roberto Noble, Sr.

Defendant did not state as grounds for this motion the need to investigate or determine whether Noble should be added as a party.  Instead Defendant took its changes with its Motion to Dismiss and made no mention of Noble being a "necessary party."

On February 12, 2007, MARRERO served its First Set of Interrogatories, First Request for Production, and First Request for Admissions upon the Defendants.  (Copies of the Written Discovery are attached hereto as Exhibit "D," "E," and "F," respectively). The written discovery was faxed to Defendant's Counsel on February 12, 2007.  (A copy of the fax cover sheet and confirmation is attached hereto as Exhibit "G").

As set forth in greater detail above, the Defendant took the deposition of Robert Noble in the TTAB Matter on March 1, 2007.

On March 19, 2007, the Defendant filed a Motion for Protective Order, or Alternatively, For Enlargement of Time In Accordance With Pending Motion to Stay Proceedings.  (DE-26).   The motion only requested protection from, or an extension of time relative to, the written discovery propounded by MARRERO.  (DE-26: Page 2).

In other words, despite *now* being armed with the licensing agreement and assignment, Scheduling Order, and the deposition testimony of Noble, the Defendant specifically did *not* seek an enlargement of time under the Scheduling Order to either amend pleadings or to join an additional party. (DE-26).

On March 20, 2007, this Court entered an Order Denying in Part and Granting in Part the Defendant's Motion to Stay (DE-21) and Defendant's Motion for Protective Order (DE-26).   (DE-27).  The Order only granted the Defendant and additional 20 days from the date of the Order on the Motion to Dismiss to respond to written discovery. (DE-27: Page 1).   Otherwise, the Order did *not* change any of the other dates on the

Scheduling Order, including specifically, the deadline for amendment of the pleadings, or deadline for joining additional parties. (DE-27). The Order did not stay any other activity in the matter on the part of the Defendant, including joining Noble as an additional party, or propounding its own written discovery or taking depositions.

Despite *now* being armed with the licensing agreement and assignment, Scheduling Order, and the deposition testimony of Noble, and the Order of Court not changing any of the other critical dates in the Scheduling Order, the Defendant *still* did ***not*** seek an enlargement of time under the Scheduling Order to either amend pleadings or to join an additional party.

On May 21, 2007, the Court issued an Order denying the Motion to Dismiss. (DE-31). On June 11, 2007, the Defendant filed its Answer to the Declaratory Action and Counterclaim for Trademark Infringement. Despite being on notice of the licensing agreement and the deposition testimony of Noble for over three (3) months, the Defendant chose not to state any defense relative to the licensing agreement, assignment, or failure to join necessary parties, or seek to join Noble as a party to this action. To the extent the prior Order of Court (DE-27) can be read to have given Defendant an additional twenty (20) days past the Order on Motion to Dismiss to amend pleadings or to join additional parties, the Defendant, despite its knowledge, voluntarily elected not to do so.

The central question to the Pending Motion is whether the Defendant learned anything more than what they already knew (from the licensing agreement and the deposition of Noble) from the deposition of Christopher Marrero. The Plaintiff asserts that Defendant gained no additional knowledge from that deposition, which is material to

the issue of whether Noble is a necessary party.

### D.  The Defendant Did Not Exercise Due Diligence in Filing the Pending Motion

The limited stay in this matter was lifted on May 21, 2007.  However, ESTEFAN did not begin to pursue discovery in this case until almost two (2) months later on July 17, 2007, when it propounded its first set of Interrogatories, and served its first Request to Production upon MARRERO.  (Copies of the written discovery is attached hereto as Exhibits "H" and "I," respectively).  ESTEFAN did not notice its first deposition, the deposition of Christopher Marrero, until August 14, 2007, almost three (3) months after this Court's denial of the Motion to Dismiss.  Plaintiff's counsel provided dates for Plaintiff's deposition to be taken, but Defense counsel indicated that she preferred to wait to take any deposition until she was in possession of the documents responsive to Defendant's July 17, 2007 Request to Produce.

Despite having the licensing agreement, Scheduling Order, and the deposition testimony of Noble, the Order on Motion to Dismiss, a late start to discovery, and an even later notice of deposition, the Defendant did *not* seek an enlargement of time under the Scheduling Order to either amend pleadings or to join an additional party.

Only now, the Defendant seeks to join a new party and amend its answer.   The record clearly establishes the Defendant's abject lack of diligence, yet it seeks to somehow be rewarded for same.

### E. Noble is Not a Necessary Party to this Declaratory Action

This case presents a very simple issue.  The ultimate issue in this case is whether Plaintiff MARRERO's use of the mark "**COCOBONGO**" will create a likelihood of

consumer confusion in light of Defendant ESTEFAN's use and registration of its **BONGOS CUBAN CAFÉ** mark.

Plaintiff MARRERO's sole claim in this action is for a Declaratory Action (DE-1). The substantive allegation in the Declaratory Action is the MARRERO's use of the name COCOBONGO in connection with a night club violates any trademark of the Defendant (DE-1: Paragraph 18). Plaintiff has asserted that the Defendant's trademark is invalid, as a matter of law, as it is generic or descriptive, with no secondary meaning. (DE-1: Paragraphs 20-27). Plaintiff has also claimed that the Defendant has abandoned some or all of its claimed trademark rights. (DE-1: Paragraph 28). The relevant point is that the Plaintiff has specifically not asserted any trademark rights, either owned by itself, or obtained through a licensing agreement. MARRERO has simply disputed the validity of the Defendant's trademark registration, and asked for a declaratory action on non-infringement, contrary to the allegations and threats received from Defendant since 2003. (DE-1: Paragraph 34-41).

The simple and basic nature of the Declaratory Action was acknowledged *twice*, by the Defendant in its Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (DE-5: Page 1) and Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE-15: Page 5). At no time during the pendency has MARRERO south to assert, or actually asserted Noble's trademark registration, or the licensing agreement between MARRERO and Noble.

In fact, on June 11, 2007, the Defendant answered the Declaratory Action and interposed a Counterclaim for infringement of ESTEFAN's Trademark. (DE-32). Despite having the licensing agreement between MARERRO and Noble, in hand, along

with the deposition of Noble, the Defendant did not join Noble as a party, and, in fact, never even mentioned or asserted the licensing agreement in any way, shape, or form in the allegations of the Counterclaim. (DE-32).   MARRERO sought to answer the Counterclaim by, again, not asserting Noble's trademark, or the licensing agreement. (DE-40).  Every attempt has been made by the Plaintiff to frame the issues such that either Noble's trademark registration, or the licensing agreement with MARRERO is not a part of this case.  Every attempt has been made to make this case all about the validity of the ESTEFAN trademark registration.   To that end, MARRERO even withdrew the thirteenth affirmative defense set forth in its answer to the counterclaim, for priority of use, to the extent that it potentially could bring either Noble's trademark, or the licensing agreement into this case. (DE-54)

Defendant ESTEFAN's Counterclaim is merely an actualization of ESTEFAN's threats to MARRERO of litigation and demands for cessation of use of the **COCO BONGO** marks which is the subject of the Plaintiff's declaratory judgment action. This case therefore rises and falls on the actions of Plaintiff and Defendant, and not with those of Roberto Noble or any other third party. There is absolutely no basis to complicate this litigation with allegations and excessive discovery regarding parties who are tangentially related to the issues raised herein. Nowhere in Plaintiff MARRERO's Complaint or Answer to the Counterclaim does it mention or rely upon any rights, actions, authority or relationship with Noble or anyone else. Plaintiff MARRERO's actions stand to be judged on their own.

Nonetheless, it is clearly ESTEFAN's intention to use this Motion as a springboard for its campaign to unnecessarily broaden discovery in this case, and to buy

itself time for a fishing expedition designed to gain advantage in other proceedings against non-party Roberto Noble who is a resident of Mexico and Coco Bongos, LLC, another non-party whose use of the mark pre-dates Marrero, Estefan, and even Noble.  As part of a settlement, MARRERO assigned any rights he had in the mark to Noble, and is now continuing to use the **COCO BONGO** marks at issue under a license agreement from Noble.  However, the simple fact is that regardless of the actions of Noble as the owner and licensor of the marks, Defendant ESTEFAN threatened litigation against MARRERO, not Noble.  ESTEFAN has now asserted a counterclaim against MARRERO, not Noble. These claims are based solely upon MARRERO's own use of the trademarks in question, not that of Noble. Noble's use of the mark and his activities have no effect on the issue of whether MARRERO is infringing or unfairly competing with ESTEFAN.

Defendant, ESTEFAN is attempting to gain some sort of advantage over non-party Roberto Noble in the ancillary TTAB proceedings or in future litigation. As ESTEFAN states at Par. 5 of its Notice of Pendency (DE-41-1), discovery in those proceedings is closed. In the last month of the discovery period set by this Court, ESTEFAN has scheduled sixteen (16) depositions. Six (6) of those depositions are of direct associates or employees of Noble, including one of Noble's attorney Krishna Rao, in Texas.

The various actions pending between ESTEFAN and non-party Roberto Noble before the TTAB do not directly involve MARRERO. MARRERO is not a party to any of the five (5) pending TTAB proceedings between Noble and ESTEFAN.  All but the two (2) most recently filed TTAB actions have been suspended for the past six (6)

months pending resolution of various motions, none of which involve the instant litigation, or MARRERO's claim asserted herein.

In Defendant's Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim, Defendant claims that until the deposition of Christopher Marrero on August 28, 2007, Defendant was unclear as to the terms of the license agreement.  See, Footnote 1, Pages 1 and 2 of Defendant's Motion for Leave:

> "Until Marrero testified definitively in this regard, it was unclear under the terms of the License Agreement whether Marrero retained any residual rights to use the name "Coco Bongo" separate from and apart from Noble's registered trademark.  Specifically, paragraph 2(e) excludes "Marrero's proprietary 'Parrot logo'" from the License.  There are at last two different versions of the "parrot logo" utilized by Marrero-one which incorporates the name "Coco Bongo" and one that does not.  If Marrero had retained the right to utilize a logo which incorporated the name "Coco Bongo" outside of the scope of the License Agreement, it would have not been clear whose rights Marrero was currently utilizing—the excluded "Coco Bongo" or Noble's federally registered mark.  Marrero made clear at his deposition, however, that this provision was intended to except the version of the "parrot logo" which does not incorporate the name "Coco Bongo.""

Defendant's assertions as to its epiphany regarding the ownership of marks involving the "parrot logo" and the **COCO BONGO** word mark, through Mr. Marrero's deposition compels the need to join Noble as a party are as meaningless as they are difficult to comprehend.  The footnote itself is confused and does not clearly state what new information has been acquired that now requires Noble to be a party to this action.  To the extent Plaintiff understands this footnote, Defendant is claiming that the "new" information which the late deposition of Marrero revealed was that Plaintiff did not retain any right of ownership over a logo which included the parrot image together with the mark "**COCO BONGO**."  First of all, the License Agreement and Assignment both

- 11 -

clearly state that "…all right title and interest…" to the COCO BONGO marks is being transferred to Noble who will remain the owner thereof.  Notwithstanding, as Plaintiff has been pleading, arguing and explaining all along, its right of action herein stems solely from its own activities and use of the mark as threatened by ESTEFAN, regardless of the ultimately ownership any marks it uses.  The minute distinction which Defendant is attempting to make in this single footnote to explain its recent epiphany is inapplicable to Plaintiff's claims, or Defendant's Counterclaim.  Defendant has known of Noble's use of the mark for years, but chose not to bring a lawsuit for infringement against Noble.  The fact that Plaintiff MARRERO has not retained any right of ownership in the parrot logo containing the mark COCO BONGO has no bearing on the analysis of the herein issue.  Furthermore, Defendant has had more than an adequate opportunity to discover this obscure fact long prior to August of 2007.

## III. <u>ARGUMENT AND AUTHORITIES</u>

### A.  The Defendant Cannot Meet the Legal Standard for Amendment of Pleadings and Joinder of Parties Outside of the Scheduling Order

The Federal Rules of Civil Procedure Rule 16 (b) states:

> "The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been   served on a defendant. **A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.**" [Emphasis added].

The Southern District Local Rule 16.1, B, 6 additionally requires that: "…the parties are required to comply with any pretrial orders by the Court and the requirements of this Local Rule including…deadlines by which the parties' must…complete discovery." Rule 16.1, B, 6, S.D.Fla.L.R.

This Court's January 22, 2007 Scheduling Order provides that the timetables set therein "…shall not be modified absent **compelling circumstances**." Id., ¶8 [*emphasis added*]. Section I, A, (2) of the Discovery Practices Handbook, Appendix A, S.D.Fla.L.R., requires the following for an extension of the discovery period set by the Court: 1) a showing of "good cause…including due diligence in the pursuit of discovery prior to completion date…"; and 2) specification of the additional discovery needed and its purposes. Id.

A scheduling order may be modified only upon a showing of good cause. *Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 WL 2285942, S.D.Fla. 2007, citing *United National Insurance Co. v. Owl's Nest of Pensacola Beach, Inc.,* 2006 WL 1653380, (11th Cir. June 8, 2006); *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998). It has been held that a Court's evaluation of good cause is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15. *See*, *Sosa*, 133 F.3d at 1418. *See also*, *Forstmann,* 114 F.R.D. at 85. Thus, even if Defendant could demonstrate that the amendment is proper under Rule 15, the Court must first determine whether Defendant has shown good cause under Rule 16(b) because Defendant's Motion was filed after the scheduling order's deadline. ESTEFAN filed its Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim five (5) months after the deadline set by this Court (April 30, 2007). In other words, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired. *See, Donahey*, 2007 WL 2285942.

It should also be noted that if a district court has entered a scheduling order, a

request to amend the pleadings no longer is governed by the rule providing that leave to amend the pleadings shall be freely given when justice so requires, and instead is governed by the rule requiring good cause for amending the pleadings after deadline set in scheduling order. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP.,* 430 F.Supp.2d 1157 (D. Nev. 2006)

The good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes, cited in *Sosa*, 133 F.3d at 1418. In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. See, *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D.N.C. 1987). Even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made. *See*, *Hayes v. Rule,* 2005 WL 2136946, (M.D. N.C.  2005). A finding of good cause it has been held, "depends on the diligence of the moving party." *Pushko v. Klebener*, Slip Copy, 2007 WL 2671263, M.D.Fla. 2007, Citing *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003); *cf. Lord v. Fairway Elec. Corp.*, 223 F.Supp.2d 1270, 1277 (M.D.Fla.2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry."). The record in this case reveals a lack of diligence on the part of ESTEFAN.

ESTEFAN has failed to show diligence on its part due to the fact that it has been aware of the license agreement and assignment between Noble and Marrero for nine months, approximately since January 18, 2007, and completed the deposition of Roberto Noble, including questions about the licensing agreement on March 1, 2007.  The Order

on Motion for Stay and Motion for Protective Order in no way prevented the Defendant from adding Noble as a party.  At no time did ESTEFAN seek an enlargement of time to either amend the pleadings or join Noble, despite the licensing agreement, and assignment, and deposition testimony. Most importantly, ESTEFAN did not learn any additional information material hereto from the deposition testimony of Christopher Marrero, than it already knew before.

Nonetheless, this Court required that the parties demonstrate more than simply "good cause" to justify a modification of the Scheduling Order.  This Court required a demonstration of "compelling circumstances."  (DE-18, ¶8).  Defendant's demonstration fails to even demonstrate "good cause," much less the standard set by this Court.

### B.  The Law Does Not Support the Contention that Noble is a Necessary Party to this Action

Rule 19, Federal Rules of Civil Procedure, regarding "Joinder of Persons Needed for Just Adjudication," embodies one of the limits the judicial system places upon a plaintiff's exercise of discretion in structuring a lawsuit. Rule 19 delineates a two-step inquiry: (1) a court must first determine whether a person absent from the litigation ought to be joined "if feasible"; and (2) if a court determines that a person ought to be joined but joinder is not feasible (e.g., because of limitations on service of process, subject matter jurisdiction or venue) the court must then determine whether "in equity and good conscience" the action may proceed in the person's absence, taking into consideration various factors. *See*, *BFI Waste Systems of North America, Inc. v. Broward County*, 209 F.R.D. 509 ( S.D.Fla. 2002)  (citing, Fed.R.Civ.P. 19 advisory committee's note).  *See also*,  *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (citing, *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102,

88 S.Ct. 733, 19 L.Ed.2d 936 (1968)).

Counsel, courts and commentators have widely adopted by convention the terminology labeling persons whom the court determines must be joined if feasible as "necessary" and those necessary persons whose joinder is not feasible and in whose absence the court determines an action cannot proceed as "indispensable". *See, Challenge Homes*, 669 F.2d at 669, n. 3; 4; Moore's *Federal Practice* § 19.02[2] [c] (3d ed.2002).

In making these determinations, of primary importance are the practical effects of the person's absence on the interests of the parties, the absent person, and the litigation. *See, Challenge Homes*, 669 F.2d at 669; *Ship Construction & Funding Services (USA), Inc., v. Star Cruises PLC*, 174 F.Supp.2d 1320, 1325 (S.D.Fla.2001) (citing, *Challenge Homes*). The burden is on the moving party to establish that a person is necessary or indispensable. *See, Star Cruises*, 174 F.Supp.2d at 1325.

The law is clear that when a party in an intellectual property case is not asserting or making a claim based upon the rights of others, then that owner is not a necessary or indispensible party to the action. . *See*, *Gilliam v. American Broadcasting Companies, Inc.,* 538 F.2d 14, 26 (C.A.2 N.Y. 1976).    For example, if the party is not asserting the ownership rights of a copyright owner, then complete relief and adjudication of all issue are possible with the parties in the action.  *Id*. at 26.   This is especially true if the copyright owner has not claimed any interest in the subject matter of the litigation.  *Id*. The owner is not considered to be indispensible. *Id*.

The instant case can be easily distinguished from those cases cited by Defendant ESTEFAN in its Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim, by the fact that MARRERO is not asserting any

trademark rights, but rather whether MARRERO's use of the COCO BONGO marks will create a likelihood of consumer confusion in light of Defendant ESTEFAN's use and registration of its BONGOS CUBAN CAFÉ mark.

Defendant cited to *Lisseveld v. Marcus*, 173 F.R.D. 689 (M.D. Fla. 1997), in which an alleged owner of the "DE-BUG" mark for magnetic fluid conditioners was a necessary party in trademark infringement action brought by a previous distributor of the conditioners against its current distributors. Ownership of the trademark was central issue in the case, and the claims against current distributors could not proceed until ownership of mark was determined. *Id*.

Another example is that of *Association of Co-op. Members, Inc. v. Farmland Industries, Inc.* 684 F.2d 1134, C.A.Tex., 1982, where it is discussed that the licensor of a trademark is usually treated as a necessary or indispensable party in an infringement action by its licensee. Citing *Pure Food Products, Inc. v. American Bakeries Co.*, N.D.Ill.1972, 176 U.S.P.Q. 233. However, the rule did not apply in *Association for Co-Op.* because no rights in the word "CO-OP" itself were in dispute. *Id*.

MARRERO however is not even asserting or policing any trademark rights. He is not accusing anyone of infringement. MARRERO is a plaintiff only by virtue of seeking a declaratory judgment action. The full relief requested by MARRERO herein can be granted notwithstanding Noble's participation in this action. Also, this Court can grant the full relief requested by ESTEFAN in its Counterclaim against MARRERO herein without regard to Noble's rights, and without his participation as a party to this action. If ESTEFAN believes Noble is infringing upon its mark through his own actions, ESTEFAN should have brought a separate action against him, and still might. These

facts are distinct from those in the cases which ESTEFAN cited for the proposition that a licensor is a necessary party to an infringement action brought by its licensee. MARRERO did not file an infringement action.  He simply wants to be left alone.

### C.      ESTEFAN Should Be Sanctioned

ESTEFAN'S failure to obey this Court's January 22, 2007 Scheduling Order is worthy of a sanction.    Federal Rules of Civil Procedure, Rule 16 (f) states:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

A court has great discretion in fashioning remedy for party's failure to obey scheduling or pretrial order; remedies listed in civil procedure rule are neither mandatory nor exhaustive. *Mallinckrodt, Inc. v. Masimo Corp.*, 254 F.Supp.2d 1140 (C.D.Cal.2003). Also, a court has authority to sanction parties or attorneys, with a view toward promptly processing and adjudicating its lawsuits. *Roy v. American Professional Marketing, Inc.*, 117 F.R.D. 687 (W.D.Okla.1987).

The filing of the Motion to Join Noble as a party has been the springboard for harassing and overly broad discovery into the business dealing of Noble, his associates and attorneys for use in the TTAB action or future proceedings. This overly broad discovery campaign has been the subject of numerous motions filed by ESTEFAN in this

action and has detracted from the central issues in this litigation and caused the parties unnecessary expense.  The Motion is terribly untimely, and is not compliant with this Court's Scheduling Order.

## IV.  CONCLUSION

The Plaintiff respectfully requests this Honorable Court to deny Defendant's Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim.  The Plaintiff further requests the appropriate sanction for the Defendant's refusal to follow the Scheduling Order.

Respectfully submitted,

Law Offices of
**SILVERMAN SANTUCCI, LLP**
Attorneys for Plaintiff
500 West Cypress Creek Road
Suite 500
Fort Lauderdale, Florida 33309
Telephone: (954) 351-7474
Facsimile:  (954) 351-7475

By:     s/S. Tracy Long
        S. Tracy Long, Esquire
        Florida Bar Number: 0843008
        stl@500law.com
        Michael I. Santucci, Esquire
        Florida Bar Number: 0105260
        mis@500law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been forwarded this 27th day of September, 2007 via U.S. District Court's Electronic filing

system to: Karen Stetson, Esq., kls@stetsonlaw.com counsel for Plaintiff ESTEFAN

ENTERPRISES, INC.

s/S. Tracy Long      
S. Tracy Long, Esquire
Florida Bar Number: 0843008
stl@500law.com
