UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 06-81036-CIV-RYSKAMP

MARRERO ENTERPRISES OF
PALM BEACH, INC.,
a Florida corporation,

       Plaintiff/counterdefendant,

v.

ESTEFAN ENTERPRISES, INC.,
a Florida corporation,

       Defendant/counterplaintiff.
_____/

## EEI'S MOTION TO STRIKE MARRERO'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME

Defendant/Counterplaintiff, Estefan Enterprises, Inc. ("EEI"), by an through undersigned counsel, requests the Court's entry of an order striking Marrero's Motion for Summary Judgment as violative of Local Rules 7.5(A) and 7.1(C)(2), and striking Marrero's Statement of Material Facts and Supporting Evidence as violative of this Court's Scheduling Order dated January 22, 2007 (D.E. # 18). In support thereof, EEI states as follows:

1. In accordance with the Court's Scheduling Order in this matter (D.E. # 18), all Pre-Trial motions were required to be filed on October 8, 2007.

2. In light of the fact that October 8, 2007 was a legal holiday on which the Court was closed (Columbus Day), the date on which all Pre-Trial motions were required to be filed was October 9, 2007.

3. Marrero filed its Motion for Summary Judgment and accompanying memorandum of law in this matter on October 9, 2007.

4. The Motion for Summary Judgment was <u>not</u> accompanied by a Statement of Material Facts or supporting evidence as required by Local Rules 7.5(A) ("Motion for summary judgment <u>shall be accompanied</u> by a memorandum of law, necessary affidavits, and a concise statement of the material facts as to which the movant contends there exists no genuine issue to be tried.").

5. Instead, on October 10, 2007, without permission, Marrero filed a Statement of Material Facts and Supporting Evidence in two separate filings that day, although it was beyond the date set by the Court for Pre-Trial Motions. The late filing was not accompanied by a request to deem it filed as part of the Motion for Summary Judgment, albeit late, and no excuse was provided for the late filing.

6. As a result of the failure to accompany the Motion for Summary Judgment with a concise statement of the material facts and necessary affidavits, Marrero's motion is defective, legally insufficient, violative of the Local Rules, and should be stricken.

7. Additionally, Marrero's memorandum of law exceeds the 20 page limitation for memoranda of law provided by Local Rule 7.1(C)(2), without having sought leave of court to do so. Specifically, Marrero has violated the page limitation by incorporating by reference into its memorandum of law, which was already 15 pages long, Marrero's "arguments herein that Estefan's U.S. Registration No 2, 490, 999 is not incontestable, was maintained and extended through fraud, and is of no consequence to the issues raised herein" made in its Motion for Sanctions Under Rule 11 (D.E. # 63) and its Memorandum of Law in support of that motion (D.E. # 64). (See, D.E. # 92, pp 9-10, and note 5)[1]. The arguments which Marrero incorporates by reference add 17 pages to

---

[1] Although Marrero mistakenly refers to its Motion for Sanctions Under Rule 11 as "DE-66" at one point, it is clear that the motion, referred to by its title is D.E. # 63, and the correct docket number is cited by

Marrero's memorandum of law (D.E. # 63, pp 1, 2, 3 and 6; D.E. # 64 pp 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 18 and 19), bringing the total number of pages to 32, in violation of the 20 page limit.  The practice of evading page limitations through the expedient of such an incorporation by reference is prohibited.  *See, e.g., Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr*, 377 F.3d 1164, 1167, n 4 (11th Cir. 2004)(appellant's incorporation by reference of memorandum filed in district court attempted to, in effect, add twenty-five additional pages of lower court briefing to its forty-two page appellate brief; "This makes a mockery of our rules governing page limitations and length."); *Powell v. Carey Intern., Inc.*, 483 F.Supp.2d 1168, 1174, n 3 (S.D. Fla. 2007) (to allow party to incorporate by reference other documents into memorandum of law would render meaningless Court's page limitation for memoranda in support of motions for summary judgment).  *See also, e.g.,  Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir.1998) (one reason for appellate rule prohibiting incorporation by reference is to prevent parties from circumventing page limits); *Swanson v. U.S. Forest Service*, 87 F.3d 339 (9th Cir. 1996) (affirming district court's ruling that incorporation by reference of argument from other pleadings deliberately violated the court's order limiting the length of briefs to 20 and was not permitted by Federal Rules of Civil Procedure); *Fleming v. County of Kane, State of Ill.*, 855 F.2d 496, 498 (7th Cir. 1988)(" We strongly disapprove of this practice" of circumventing page limitations by incorporating other arguments by reference); *Topliff v. Wal-Mart Stores East LP*, 2007 WL 911891 *9, n 65 (N.D.N.Y. 2007) ("A party may not articulate a legal argument simply by 'incorporating by reference' the argument presented in another document. Such a practice violates the

---

Marrero on page 10 of its Motion.  D.E. # 66 has no bearing on the arguments Marrero states it is incorporating by reference.

Local Rule on page limitations.");  *In re Cirrus Logic Securities Litigation*, 946 F.Supp. 1446, 1471, n 16 (N.D. Cal. 1996) (despite plaintiffs' attempt to incorporate by reference into summary judgment briefing arguments made in other filings, "The Court will not allow plaintiffs so blatantly to evade the page limitation for opposition briefs.");  *AT&T Communications of California v. Pacific Bell*, 1996 WL 940836 *11 n 18 (N.D. Cal. 1996) ("Plaintiffs cannot avoid the page limitation by purporting to incorporate all arguments which were previously made in connection with other motions.").

WHEREFORE, Defendant/Counterplaintiff, Estefan Enterprises, Inc., requests the Court to enter an order striking Marrero's Motion for Summary Judgment and memorandum of law as not properly supported and exceeding the page limitation and striking the Statement of Material Facts and Supporting Evidence as untimely in violation of the Court's Scheduling Order. In the alternative, should the Court deem these filings, in whole or in part, properly filed, EEI requests 10 days from such ruling to respond.

> Respectfully submitted,
>
> KAREN L. STETSON, ESQ.
> Attorney for Defendant/counterplaintiff
> Estefan Enterprises, Inc.
> P.O. Box 403023
> Miami, Florida 33140
> Telephone (305) 532-4845
> Facsimile (305) 604-0598
>
> By: <u>s/Karen L. Stetson</u>
>     Karen L. Stetson, Esq.
>     Florida Bar No. 742937

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that she has conferred with counsel for Plaintiff pursuant Local Rule 7.1 in a good faith effort to resolve the issues raised by this motion, but Plaintiff's counsel would not consent to the relief sought herein.

By: _s/Karen L. Stetson
Karen L. Stetson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on this 26th day of October, 2007.  I also certify that the foregoing document is being served this day on Michael Santucci, Esq., Silverman Santucci, LLP, 500 West Cypress Creek Road, Suite 500, Fort Lauderdale, Florida 33309 via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/Karen L. Stetson
Karen L. Stetson