UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC., a
Florida Corporation,

    Plaintiff,

v.

ESTEFAN ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO JOIN NECESSARY PARTY AND TO FILE AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIM

This cause comes before the Court pursuant to Defendant's Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaims, filed September 10, 2007 **[DE 50]**. Plaintiff responded on September 27, 2007 **[DE 69]**. Defendant replied on October 12, 2007 **[DE 103]**. This motion is ripe for adjudication.

Defendant moves for leave to join Roberto Noble ("Noble") as a necessary additional party to Plaintiff's Declaratory Complaint and as a necessary additional party to Defendant's Counterclaim. Defendant further seeks leave to file amended affirmative defenses and an amended counterclaim.

Prior to the initiation of this action, Plaintiff's President, Christopher Marrero ("Marrero"), assigned any rights he had in the "Cocobongo" mark to Roberto Noble, a resident of Cancun, Mexico, and is now continuing to use that mark under a license agreement from Noble. Noble operates a nightclub in Cancun known as "Coco Bongo."

At the outset, the Court notes that the filing of this motion significantly complicated the progress of this action.  Plaintiff filed this action on November 6, 2006.  Amended pleadings and joinder of additional parties were to be completed by April 30, 2007.  On January 18, 2007, counsel for Plaintiff e-mailed counsel for Defendant copies of the licensing agreement and assignment that Defendant now invokes as grounds to move for amendment of the pleadings.  Defendant deposed Noble on March 1, 2007.  The Court stayed this action from March 20, 2007 through May 21, 2007 to adjudicate Defendant's motion to dismiss for lack of subject matter jurisdiction.  The Court denied the motion to dismiss and lifted the stay on May 21, 2007.  On June 11, 2007, Defendant filed its answer and counterclaim.  Defendant did not state any defense relative to the licensing agreement, assignment, or failure to join necessary parties, or seek to join Noble as a party to this action.  Defendant asserts that, until it deposed Marrero on August 28, 2007, it was unclear as to whether the only trademark rights Marrero used were those owned by Noble.  Absent this information, Defendant felt it was not able to move to amend its pleadings and to add Noble as a necessary party.  The motion to add Noble as a necessary party did not become ripe until after both parties moved for summary judgment.  Trial in this matter is scheduled for January 7, 2008.

While the Court is concerned that allowing this amendment and this additional party at this late date will significantly disturb the progress of this action, the Court is obligated under Rule 19, which does not contain a time limitation, to consider whether Noble is a necessary party to this action.  See Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc., 2003 WL 24305408, at *19 (Fed. Cir. July 14, 2003) ("Under FRCP 19, joinder of a necessary party is mandatory if feasible and there is no express time limit.").

Case 9:06-cv-81036-KLR   Document 170   Entered on FLSD Docket 11/29/2007   Page 3 of 5

3

Federal Rule of Civil Procedure 19(a) provides that a person should be joined as a party to the action if "(1) in the person's absence complete relief cannot be afforded among those already parties or (2) the person claims an interest relating to the subject of the action." If a person cannot be joined, the court may decide that the case should be dismissed. Fed. R. Civ. P. 19(b). The determination of whether a party is indispensable under Rule 19 turns on (1) the extent to which a judgment might affect the absent party (2) the extent to which the prejudice to the absent party may be avoided by the shaping of relief, (3) whether a judgment rendered in the party's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Bruno v. U.S. Marshal, 1998 WL 936655 at *4 (S.D. Fla. Sept. 9, 1998) (quoting Mankes v. Boy Scouts of America, 137 F.R.D. 409, 411 (S.D. Fla. 1991)).

Defendant has cited numerous cases requiring that the owner of a trademark be made a party to an infringement action involving owner's mark. In Lissevelde v. Marcus, the Court held that a New Zealand corporation in allegedly on the trademark at issue was a necessary party:

> The licensor of a trademark that is the subject of an infringement action by a licensee falls squarely within the language and policy of Rule 19. As the owner of the mark, the license or have a legally protected interest in the subject matter of the action. A judgment for the alleged infringer, whether based on a finding that the licensed mark is not a valid trademark or that the defendant's mark does not infringe it, may prejudice the licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.

173 F.R.D. 689, 693 (M.D. Fla. 1997) (citing Association of Co-Op Members v. Farmland Indus., Inc., 684 F.2d 1134, 1143 (5th Cir. 1982)). An owner/licensor or of a trademark is, pursuant Rule 19, required as a necessary party in actions concerning those rights to allow the

Court to accord complete relief and to avoid the risk of multiple or inconsistent obligations or repetitive litigation arising from the same facts. "It is well established, in suits for patent and trademark infringement, that the owner of the patent or trademark is subject to compulsory joinder." St. James v. New Prague Aria Community Ctr., 2006 WL 2069197, at *2 (D. Minn. 2006), citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 1614 (3d. 2001)). See also Farmland, 684 F.2d 1143 (licensor of trademark is typically necessary or indispensable party in an infringement action by licensee); Lion Petroleum of Missouri, Inc. v. Millennium Super Stop, LLC, 467 F. Supp. 2d 953, 956 (E.D. Mo. 2006) (in suits for patent and trademark infringement, the owner of the patent or trademark is a necessary party).

  Here, even if complete relief could be granted among those already parties, should Defendant prevail in its infringement claim, nothing would then prevent Noble from simply using another licensee in Florida or otherwise to use his mark. See Jaguar Cars Limited v. Manufacturers de Montres Jaguar, 196 F.R.D. 306, 309 (E.D. Mich. 2000) (joinder of trademark owner necessary where nothing would prevent owner from using another distributor after adjudication of case sub judice).

  Plaintiff attempts to distinguish these authorities on the ground that this matter is not an "infringement" action brought by the licensee since Plaintiff only seeks a declaration that his use of the trademark is "non-infringement." The Court sees only a semantic difference between an action seeking to protect Plaintiff's ability to continue to use the mark and an "infringement" action. In either instance, Plaintiff's usage will have to be compared with Defendant's mark to determine if the use of the mark is permissible or causes a likelihood of confusion. Plaintiff cites

no authority for the proposition that such a "non-infringement" declaratory action may be pursued by a licensee. The two cases plaintiff cites are not on point. The Court has reviewed both Gilliam v. American Broadcasting Cos., Inc., 538 F.2d 14 (2d Cir. 1976) and Association of Co-Op and notes that both are immediately distinguishable as neither involves rights derived under a license agreement. Furthermore, the rights at issue in Association of Co-Op are common law rights, not rights derived from license agreement. 684 F.2d at 1143. Gilliam is also inapplicable as the plaintiff therein, a comedy writing group, relied solely on its copyright in the script and made no claim to rights derived from a copyright held by another. Gilliam, 538 F.2d 26.

Plaintiff suggests that Defendant file a separate action against Noble, but this suggestion is at odds with the entire purpose of the joinder rule and only serves to underscore Defendant's point that the failure to joint Noble will result in the inability to grant complete relief herein and would potentially lead to successive litigation against Noble and his next licensee. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Leave to Join Necessary Party and to File Amended Affirmative Defenses and Counterclaim, filed September 10, 2007 **[DE 50]**, is GRANTED. The Amended Affirmative Defenses and Counterclaim shall be filed within 10 days of the date of this order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 29th day of November, 2007.

                                           S/Kenneth L. Ryskamp
                                           KENNETH L. RYSKAMP
                                           UNITED STATES DISTRICT JUDGE