UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC., a
Florida Corporation,

    Plaintiff,

v.

ESTEFAN ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

**ORDER DENYING EEI'S RENEWED MOTION TO DISMISS ORDER DENYING MOTION TO DISMISS DECLARATORY ACTION FOR LACK OF SUBJECT MATTER JURISDICTION/MOTION FOR RECONSIDERATION AND ORDER DENYING EEI'S CONDITIONAL MOTION FOR VOLUNTARY DISMISSAL OF EEI'S AMENDED COUNTERCLAIM**

THIS CAUSE comes before the Court pursuant to Estefan Enterprises, Inc.'s ("EE I") Renewed Motion to Dismiss Order Denying Motion to Dismiss Declaratory Action for Lack of Subject Matter Jurisdiction/Motion for Reconsideration, filed January 9, 2008 **[DE 214]**. Marrero Enterprises of Palm Beach, Inc. ("Marrero") responded on January 24, 2008 **[DE 221]**. EEI responded on February 11, 2008 **[DE 230]**. This cause is also before the Court pursuant to EEI's Conditional Motion for Voluntary Dismissal of EEI's Amended Counterclaim, filed January 30, 2008 **[DE 225]**. Marrero and Roberto Noble ("Noble") responded on February 14, 2008 **[DE 232]**. EEI replied on February 25, 2008 **[DE 233]**. These motions are ripe for adjudication.

The Court now states, for the third time, the standard applied in evaluating a motion to

dismiss for lack of subject matter jurisdiction in a declaratory action.[1]  As the Court noted previously, the Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Whether an actual case or controversy exists in a declaratory judgment action involving trademarks requires a two-part inquiry.  First, the declaratory plaintiff must have a real and reasonable expectation of litigation.  See Windsurfing International Inc. v. AMF, Inc., 828 F.2d 755, 757 (Fed. Cir. 1987); McCarthy, Trademarks and Unfair Competition § 32:18.  Second, the plaintiff "must have engaged in a course of conduct that brought it into adversarial conflict with the declaratory defendant."  See id. (quotation omitted).  "The sole requirement for jurisdiction under the Act is that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act."  Alphamed Pharms. Corp. v. Arriva Pharms., Inc., 391 F.Supp.2d 1148, 1156 (S.D. Fla. 2005) (quotation omitted)).  This standard is the law of the case.

EEI requests dismissal of this action, alleging that Marrero's nightclub is now called the unobjectionable "Ibiza" rather than the protected "Coco Bongo," therefore removing any controversy that would confer subject matter jurisdiction.  Marrero maintains that he holds dual occupational licenses for the nightclub, one of which allows use of the name "Coco Bongos," and that the club still bears that name on Thursday nights.  The actual name of the nightclub is a question of fact inappropriate for resolution on a motion to dismiss.

Marrero is still under the apprehension of an imminent lawsuit from EEI.  The Amended

---

[1] The Court has already stated the standard for subject matter jurisdiction in declaratory actions in its May 21, 2007 Order Granting Motion to Dismiss and Lifting Stay and in its November 28, 2007 Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction.

3

Answer, Affirmative Defenses and Counterclaim still faults Marrero for past advertising, promotion, and use of the name "Coco Bongos." EEI has not withdrawn its counterclaim, which depends upon proving it has a protectable right and the term "Bongo," which is at issue in the declaratory judgment action. Marrero also is under the apprehension of imminent lawsuit, because it claims it continues to use the name "Coco Bongos" on Thursday nights.

The case cited by EEI, <u>Custom Mfg. & Engineering, Inc. v. Midway Services, Inc.</u>, 508 F.3d 641 (11th Cir. 2007) does not involve a declaratory action in which the defendant continually changes the facts as to what activity constitutes infringement. The issue therein involved granting of summary judgment in favor of the defendant in a trademark infringement case in the context of likelihood of confusion. <u>Id</u>. at 646-47. Instead of focusing on Marrero's reasonable apprehension of litigation, EEI has chosen to focus on the likelihood of confusion in a summary judgment context. The remainder of EEI's cases are inapposite. <u>KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.</u>, 543 U.S. 111, 125 S.Ct. 542 (2004) did not turn on the issue of a plaintiff's reasonable apprehension of litigation in the context of a declaratory judgment. This case held that a plaintiff claiming infringement of an incontestable mark must show likelihood of consumer confusion as part of the prima facie case. <u>Id</u>. at 124, 125 S.Ct. at 551. <u>What-A-Burger of Virginia, Inc. v. Whataburger, Inc. of Corpus Christi, Texas</u>, 357 F.3d 441 (4th Cir. 2004) involved a declaratory judgment for non-infringement of a trademark and a counterclaim for infringement and resulted in a ruling that the owner of a restaurant chain was the rightful owner of the mark in question but was barred from enforcing same based on the doctrines of laches and acquiescence. <u>Id</u>. at 444-47, 452. Again, this case bears no relationship to the issue at hand: whether Marrero has a reasonable apprehension of litigation based on its

4

purported use of the name "Coco Bongo."

EEI also has filed a conditional motion for voluntary dismissal without prejudice of its amended counterclaim based on its assertion that Marrero's use of the mark is no longer objectionable. EEI's "condition" is that the Court grant its Renewed Motion to Dismiss Declaratory Action for Lack of Subject-Matter Jurisdiction. Should such occur, EEI will provide Marrero and Noble a release for any damages based upon past activity in connection with the nightclub and a covenant not to sue with regard to Marrero and Noble's current activity. EEI also specifies that the dismissal shall be without prejudice and that each party will bear its own fees and costs.

The Court rarely sees such a quixotic motion, one that reads more like a failed settlement proposal rather than a request for judicial relief. The motion is also substantively flawed, as it is entirely dependent on a factual premise that Marrero has changed the name of the nightclub and no longer uses the mark "in the trademark sense." As noted above, this issue is a question of fact that cannot form the basis of a motion to dismiss. Accordingly, the first of EEI's "conditions," that the Court grant its motion to dismiss the declaratory action, is a nonoccurrence. The Court is also perturbed that EEI requests that the dismissal be "without prejudice." Given EEI's shifting positions as to what types of use constitutes use of a mark "in a trademark sense" and as to which type of activity it finds infringing, a final order in this litigation cannot be built upon such an open-ended and uncertain condition. Accordingly, it is hereby

ORDERED AND ADJUDGED that EEI's Renewed Motion to Dismiss Order Denying Motion to Dismiss Declaratory Action for Lack of Subject Matter Jurisdiction/Motion for Reconsideration, filed January 9, 2008 **[DE 214]** and Conditional Motion for Voluntary

5

Dismissal of EEI's Amended Counterclaim, filed January 30, 2008 **[DE 225]** are DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 22nd day of April, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE