UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC., a Florida
Corporation, and ROBERTO
NOBLE, SR.,

    Plaintiff,

v.

ESTEFAN ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE comes before the Court pursuant to Defendant's Motion to Dismiss the Amended Complaint, filed January 9, 2009 **[DE 281]**.  Plaintiff responded and moved for default against Defendant on January 23, 2009 **[DE 282]**.  Defendant replied on February 2, 2009 **[DE 285]**.  These motions are ripe for adjudication.

On December 16, 2008, the Court entered an Order Granting Motion to Dismiss, dismissing the cancellation claims directed toward Defendant's mark but allowing the claim for declaratory relief to proceed.  Defendant requests that Plaintiffs either amend the Amended Complaint to eliminate the portions thereof that are now moot or file a stipulation stating that certain allegations are no longer being asserted.  Plaintiffs oppose the motion, noting that Defendant fails to cite any authority for the proposition that a plaintiff must file an amended complaint following a partial dismissal.  Plaintiffs countermove for default, noting that Defendant's deadline to respond to the Amended Complaint was January 9, 2009 and claiming

that this motion constitutes an attempt on the part of Defendant to buy more time to answer the Amended Complaint.

The Court understands Defendant's desire for clear and precise pleading in this case, but such can be accomplished without requiring another filing from Plaintiffs. When the Court entered the order of partial dismissal, requiring an amended pleading from Plaintiffs was not in its contemplation. Courts routinely require defendants to answer the remaining allegations of a complaint subsequent to a partial dismissal order. See Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1364 (S.D. Fla. 2000) (giving defendant 15 days from partial dismissal order to answer pending complaint); Ocean v. Kearney, 123 F.Supp.2d 618, 625 (S.D. Fla. 2000) (giving defendant 17 days from partial dismissal order to answer pending complaint). Defendant's motion already identifies the portions of the Amended Complaint that Defendant believes are now moot. The Court directs Defendant to answer the portions of the Amended Complaint that Defendant believes are still active. If either or both parties were genuinely unclear as to what claims remained pending, the Court would have entertained a motion for clarification, but such a motion has not been filed.

The Court denies Plaintiffs' request for default. Although Defendant's motion is procedurally unfounded and was filed at the eleventh hour, the Court sees no evidence in the record that Defendant had an improper motive of obtaining more time to answer the Amended Complaint. It is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Amended Complaint, filed January 9, 2009 **[DE 281]**, is DENIED. Defendant shall answer the Amended Complaint no later than March 27, 2009. It is further

3

ORDERED AND ADJUDGED that Plaintiffs' Motion for Default, filed January 23, 2009 **[DE 282]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 19th day of March, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE