UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC., a
Florida Corporation,

    Plaintiff,

v.

ESTEFAN ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

## OMNIBUS DISCOVERY ORDER

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Compel Depositions, filed May 18, 2009 **[DE 290]** and Plaintiff's Corrected Motion to Compel Deposition, filed May 22, 2009 **[DE 292]**.  Defendant responded on June 15, 2009 **[DE 293]**.  Plaintiffs replied to the Corrected Motion to Compel on June 25, 2009 **[DE 294]**.  This cause is also before the Court pursuant to Defendant's Unopposed Motion for Extension of Time to Conduct the Deposition of Plaintiff Roberto Noble, Sr., filed May 21, 2009 **[DE 291]**.  These motions are ripe for adjudication.

**1.      Motion to Compel Deposition of Jessie Abad, Esq.**

Jessie Abad, Esq. ("Abad") is Defendant's general in-house counsel.  Plaintiffs noticed her on April 29, 2009 for deposition to take place in Miami on May 11, 2009.  Plaintiffs seek the deposition testimony of Abad with regard to the actual confusion issue.  Plaintiffs have obtained a copy of a newspaper ad placed in the employment section of the local newspaper "Noticias,

Miami y Florida" which ran at least on September 18, 2007.  Plaintiffs believe that Abad placed the ad.  Plaintiff seek the deposition testimony of Abad with regard to the actual confusion issue, since, according to Plaintiffs, Abad's alleged placing of the ad was akin to a "market research report, consumer research, survey, study, poll, search or investigation, and all related documents, directed to (…) confusion between EEI's and MEP's marks," which Plaintiffs requested in their Request to Produce No. 35(f) dated February 12, 2007.

The original Motion to Compel alleged that Abad attempted to avoid service of the subpoena but that Abad eventually received service.  Four days later, Plaintiffs filed a Corrected Motion to Compel that did not represent that Abad actually received service of the subpoena.

The Court does not find merit in the argument that Abad attempted to avoid service of the subpoena.  Plaintiffs had ample opportunity to serve Abad with the subpoena.  After Plaintiffs' counsel told Defendant's litigation counsel that there had been a failed attempt to serve Abad with a deposition subpoena, Plaintiffs' counsel, Abad and Defendant's litigation counsel were together for several hours in Fort Lauderdale for a deposition in another case.  This deposition occurred just down the street from Plaintiffs' counsel's office.  Defendant's litigation counsel suggested that Plaintiffs' counsel call his process server and serve the proposed deposition subpoena upon Abad while she was present at that deposition.  Plaintiffs' counsel chose not to do so and instead filed these motions to compel.

Defendant maintains that Abad's testimony is not relevant because she did not place the newspaper ad.  Defendant also maintains that Plaintiffs received a copy of the ad and had the opportunity to conduct discovery relating thereto.  The Court agrees that Plaintiffs have already had ample opportunity to conduct discovery relating to the actual confusion issue.

Plaintiffs filed a Motion to Strike all of the actual confusion witnesses, including Abad, on October 5, 2007. The Court terminated this motion on September 8, 2008. Plaintiffs inform the Court that if the Court does not allow the deposition of Abad, Plaintiffs automatically renew their Motion to Strike. The Court will not revisit the Motion to Strike. The Court explained its rationale for terminating the motion in its Administrative Order, also dated September 8, 2008 **[DE 268]**. The Court directs Plaintiffs to consider that Order.

The Court ruled on the final Motion to Dismiss on December 15, 2008 and entered a new scheduling order on January 28, 2009, allowing the parties until May 22, 2009 to complete discovery. Plaintiffs had a copy of the ad and had an additional five-month opportunity to depose witnesses or otherwise conduct discovery to ascertain how many ads were placed, the identity of the newspapers in which the ads were placed, etc. This renewed attempt to claim prejudice should the Abad deposition not occur rings hollow given the additional five month discovery period the Court allowed.

Even if the Court felt that Abad possessed relevant and discoverable information, it is undeniable that Abad has not been properly served with a deposition subpoena. Plaintiffs had a clear opportunity at the deposition in the unrelated case to serve Abad with proper deposition notice, but did not take it. The motions to compel the deposition testimony of Abad are denied.

**2.     Motion to Compel the Deposition of Paola, Abad's Assistant**

The original Motion to Compel also requests that the Court compel the deposition of Paola, Abad's assistant. Defendant maintains that Plaintiffs made no efforts to depose Paola. Plaintiffs' reply does not contest this assertion. The motion to compel the deposition of Paola is

4

denied.

### 3. Motion to Compel the Deposition of Kenneth Giel

The original Motion to Compel also requests that the Court compel the deposition of Kenneth Giel ("Giel"), Defendant's investigator. Plaintiffs maintain that Defendant's counsel previously agreed to accept service of a subpoena as to Giel but has refused to cooperate in scheduling his deposition. Defendant maintains that Plaintiffs made no effort to depose Giel. Plaintiffs counter, claiming that their counsel has made "numerous efforts" to schedule Giel's deposition, but that counsel for Defendant has stated that she has not been able to locate Giel in recent months. Counsel for Defendant has recently been cooperating in scheduling the deposition of Giel in an another action, however. Although the discovery deadline in this matter expired on May 22, 2009, the Court finds that Plaintiffs have been sufficiently diligent in attempting to schedule the deposition of Giel during the discovery period. Defendant is ordered to cooperate with the scheduling of the deposition of Giel at some point before the July 24, 2009 pre-trial motions deadline.

### 4. Defendant's Unopposed Motion for Extension of Time to Depose Plaintiff Noble

Defendant requests an indefinite extension of time to depose Plaintiff Noble. Defendant has repeatedly requested that Noble appear for deposition in the Southern District of Florida, but Noble has not agreed to do so and has not provided dates when he would be willing to do so. Defendant accordingly noticed Noble's deposition for May 21, 2009, one day prior to the expiration of the discovery deadline.

5

Noble's counsel now claims that Noble is mentally incapacitated to the point where he does not understand these legal proceedings and cannot be deposed. In a separate pending action, *Foreign Imported Productions & Publishing, Inc. v. Grupo Industrial Hotelero, S.A., d/b/a "Coco Bongo" nightclub, Roberto Noble, Sr., and Isaac Halabe*, Case No. 07-22066, S.D. Fla. ("*FIPP v. Grupo*"), Noble's counsel has filed a motion for the appointment of a guardian ad litem for Noble. Judge Gold has ordered an independent medical examination, which was in the process of being arranged at the time Defendant filed this motion, May 21, 2009. The examination will determine either that Mr. Noble is incapacitated and in need of a guardian ad litem or that he is not incapacitated. If Noble is not incapacitated, Defendant would be to proceed with his deposition at that juncture. If Noble is incapacitated, Defendant would seek an indefinite stay until such time as Noble recovers.

The Court will allow Defendant to depose Noble up through and until the summary judgment motions deadline, which is July 24, 2009. If the medical examination has not yet been conducted by that time, or if the examination has been conducted and has concluded that Noble is incapacitated, Defendant shall so notify the Court, which will make an appropriate ruling in due course. At this time, however, the Court is only willing to allow Defendant until July 24, 2009 to depose Noble. The July 24, 2009 summary judgment motions deadline remains unchanged. It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Depositions, filed May 18, 2009 **[DE 290]** and Plaintiff's Corrected Motion to Compel Deposition, filed May 22, 2009 **[DE 292]**, are GRANTED IN PART AND DENIED IN PART as explained herein. It is further

ORDERED AND ADJUDGED that Defendant's Unopposed Motion for Extension of

6

Time to Conduct the Deposition of Plaintiff Roberto Noble, Sr., filed May 21, 2009 **[DE 291]**, is GRANTED as explained herein.

DONE AND ORDERED in Chambers in West Palm Beach , Florida, this 7th day of July, 2009.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE