UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81036-CIV-RYSKAMP/VITUNAC

MARRERO ENTERPRISES OF
PALM BEACH, INC., a
Florida Corporation, and
ROBERTO NOBLE, SR.,

    Plaintiffs,

v.

ESTEFAN ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL DEPOSITION OF ROBERTO NOBLE, SR.

THIS CAUSE comes before the Court pursuant to Defendant Estefan Enterprises Inc.'s ("Defendant") Motion to Compel the Deposition of Roberto Noble, Sr. ("Noble") filed September 14, 2009 **[DE 301]**.  Noble responded twice, first on September 15, 2009 **[DE 303]** and again on September 16, 2009 **[DE 304]**.  Defendant replied on September 17, 2009 **[DE 305]**.  This motion is ripe for adjudication.

The parties continue to struggle with scheduling Noble's deposition.  The Court notes outright that whether Noble should be deposed is not at issue: on April 30, 2008, the Court, after joining Noble as an indispensable party to this action, entered an order granting Defendant's motion to depose Noble.

Defendant repeatedly requested that Noble appear for deposition in this District, but Noble has not agreed to do so and has not provided dates when he would be willing to do so.

Defendant accordingly noticed Noble's deposition for May 21, 2009, one day prior to the expiration of the discovery deadline. Trial is set for November 30, 2009.

The parties then mutually agreed to extend the deadline for the deposition based on Noble's counsel claim that Noble was mentally incapacitated to the point where he did not understand these legal proceedings and could not be deposed. The parties noted that Noble's capacity was at issue in a separate pending action before Judge Gold, <u>Foreign Imported Productions & Publishing, Inc. v. Grupo Industrial Hotelero, S.A., d/b/a "Coco Bongo" Nightclub, Roberto Noble, Sr., and Isaac Halabe</u>, Case No. 07-22066, S.D. Fla. ("<u>FIPP v. Grupo</u>"),[1] and that Judge Gold ordered an independent medical examination to determine whether Noble was incapacitated.

On July 7, 2009, this Court allowed Defendant to depose Noble up through and until the summary judgment motions deadline, which, at that time was July 24, 2009.

On July 23, 2009, Defendant requested another extension of time to depose Noble, as well as an extension of the summary judgment motions deadline. Defendant's motion for extension informed the Court of recent developments in <u>FIPP v. Grupo</u>. Specifically, on July 21, 2009, Judge Gold granted Noble's counsel's motion to withdraw.[2]  Judge Gold allowed Noble until August 7, 2009 to secure new counsel or to elect to proceed pro se. Magistrate Judge MacAliley scheduled an August 26, 2009 status conference in part to address the issue of Noble's medical examination. Judge Gold instructed Noble that either he or his new counsel must appear

---

[1] Isaac Halabe ("Halabe") is Noble's business manager and *Director Generale* of Noble's Mexican licensee. Noble represents that Halabe "has had full written settlement authority over this action from NOBLE since September 9, 2008."

[2] Noble's counsel was Michael Santucci, Esq., who is also Noble's counsel in this action.

at the August 26, 2009 status conference and that failure to appear may result in the Court entering default judgment against him.

This Court, on August 3, 2009, granted the July 23, 2009 motion, again extending the deadline to depose Noble. In the event that Noble was deemed fit for deposition, Defendant would have two weeks from that date to depose Noble, plus two weeks from that date to move for summary judgment. The Court set a new summary judgment motions deadline for October 9, 2009.

The August 26, 2009 hearing in <u>FIPP v. Grupo</u> came and went. Noble did not retain new counsel, nor did he appear at the hearing. Accordingly, Judge Gold directed the Clerk to enter a default against Noble and requested the Plaintiff file a notice specifying its claimed damages. The Clerk entered a default against Noble on September 1, 2009.[3] Plaintiff has filed its motion for final default judgment.

Defendant filed the instant motion on September 14, 2009, informing this Court of the default in <u>FIPP v. Grupo</u> and noting, correctly, that the issue of Noble's capacity is now moot in that action.

Defendant represents that it has repeatedly asked Plaintiff's counsel whether Noble is currently mentally incompetent and, if so, to provide updated medical information to that effect. No information has been provided, nor has opposing counsel responded to inquiries about either producing Noble for deposition or having him submit to an independent medical examination. Defendant requests that the Court either compel Noble's deposition or require Noble to provide updated medical information and submit to an independent medical examination.

---

[3] Default was also entered against Halabe for the same reasons as the default against Noble.

Noble's first response stresses that Noble "was not a voluntary participant in these proceedings" and that came to this action only after the Court granted Defendant's motion to join Noble as an indispensable party.  Noble submits that his deposition has been taken in two similar actions, <u>Estefan Enterprises, Inc. v. Noble, et al.</u>, Trademark Cancellation No. 92042251, which is currently stayed pending the outcome in this action, and <u>Jackson v. Grupo, et al.</u>, Case No. 07-22046-HUCK.  Noble represents that he plays no part in the day-to-day operation of any "Cocobongos" nightclubs and that he does not monitor United States businesses licensed to use that mark.  Noble is willing to be precluded from testifying at trial or filing any declaration or affidavit in this action so as to "avoid the expense and difficulty" of being deposed.  He claims that he has been in poor health for nine months, during which time he has been admitted to multiple hospitals and clinics for several conditions and has at times required round the clock care.  Noble also makes the unsubstantiated allegation that Defendant is seeking to depose him to gain leverage in settlement negotiations.

Noble's supplemental response, filed after his counsel made phone contact with Halabe,[4] states that Noble believes "he is fit to give a deposition under certain circumstances."  Noble, taking into account his "health issues and the nocturnal nature of his business," agrees to be deposed during the next few weeks in Cancun, Mexico beginning at 2 p.m. Central Daylight Time.

Defendant's Reply notes the general rule that a plaintiff must sit for deposition in the district in which he brought the action.  See <u>Levick v. Steiner Transocean Ltd.</u>, 228 F.R.D. 671,

---

[4] Noble does not use a computer or email.  Noble's counsel says he must communicate with Noble via Halabe.

672 (S.D. Fla. 2005) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum."). Nevertheless, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition." Partecipazioni Bulgari, S.p.A. v. Meige, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988) (citing Thompson v. Sun Oil Co., 523 F.2d 647, 648 (8th Cir. 1975)). See also Brasfield v. Source Broadband Services, LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008) (same). This discretion stems from Rule 26(c), "which allows a court, for good cause, to issue protective orders in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. (quoting Fed.R.Civ.P. 26(c)(1)). This general rule that a plaintiff must sit for deposition in the forum in which he filed suit "gives way if the plaintiff can show undue burden or hardship," however. Levick, 228 F.R.D. at 672. Levick found that unsubstantiated claims of hardship, even though "verified," were insufficient to excuse plaintiff from appearing for deposition in the forum jurisdiction. See id. at 671-72.

Noble requests the indulgence of being deposed in Mexico despite not having provided evidence as to his current state of health. The Court is unwilling to accommodate Noble in this regard because he has provided no substantiation of his alleged current health problems.

Noble's argument that he is an unwilling party is also unavailing. The Court has deemed Noble the real party in interest and has ruled that if he wanted to assert the trademark rights at issue, he could have brought this case in his name.

The Court is also unmoved by Noble's arguments that he has little to do with nightclub management and has already been deposed regarding identical facts. Defendant disputes that Noble's testimony in the two related cases is sufficient here and notes that if Noble is so detached

6

from the operation of nightclubs, he would not need to take "the nocturnal nature of his business" into account for deposition scheduling purposes. Again, whether Noble's deposition will occur is not at issue. The Court has already ruled that Noble must be deposed in *this* case.

Economic considerations favor conducting the deposition in Florida. Conducting the deposition in Mexico would require Defendant's counsel, Noble's counsel, a court reporter and a translator to travel to Mexico, whereas a Florida deposition would only require one person, Noble, to travel. Defendant also notes that it intends to conduct the deposition by videotape in accordance with Rule 30(b)(3) so that Noble's testimony may be presented in that fashion at trial. Defendants in Jackson v. Grupo and FIPP v. Grupo have previously taken the position that videotaping depositions is not permitted in Mexico.[5] Noble was a defendant in both of those cases, however. Conducting Noble's deposition in Florida eliminates the need for the parties and the Court to review whether Mexican law permits videotaped depositions and whether Mexican law should prevail over the Federal Rules of Civil Procedure.

The general rule favors Florida as the location for Noble's deposition, the practicalities of the situation favor Florida, and Noble has made no showing of "hardship" to justify a location other than this District. Nearly a year and a half after the Court compelled Noble's deposition, Noble had no grounds to dictate the terms upon which he is willing to be deposed. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Compel Deposition of Noble,

---

[5] Noble did not raise the issue of videotaping depositions in Mexico in Jackson v. Groupo until all counsel, the court reporter and the interpreter were already in Cancun and were, therefore, forced to proceed with the deposition without videotape. Plaintiff in FIPP v. Grupo raised the issue in advance of the deposition, but the default mooted the issue.

7

filed September 14, 2009 **[DE 301]**, is GRANTED.  Noble shall travel to the Southern District of Florida to sit for deposition in this matter.  The deposition shall occur no later than October 2, 2009.  The summary judgment motions deadline remains October 9, 2009.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 18th day of September, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE